UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

| | | |
|---|---|---|
| EDWARD T. SAADI, | : | |
| | : | |
| | : | Case No. 1:21-mc-00032 |
| Plaintiff, | : | SUBPEONA ORDER |
| | : | [Resolving Docs. 1 & 3] |
| v. | : | |
| | : | |
| PIERRE A. MAROUN, *et al.*, | : | |
| | : | |
| Defendants, | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this subpoena dispute related to a pending Middle District of Florida case, Plaintiff Edward Saadi moves to sanction subpoenaed non-party Maroun's Import Specialists, Inc., for terminating its Rule 30(b)(6) deposition.[1] That deposition took place in this Court's jurisdiction. Maroun Import Specialists opposes and moves to terminate the deposition under Rule 30(d)(3)(A).[2] For the reasons stated below, the Court **DENIES** both motions.

I. BACKGROUND

In October 2009, Plaintiff Edward Saadi, a *pro se* attorney, won a still-unpaid $90,000 judgment against Defendant Pierre Maroun in the Middle District of Florida.[3] Since then, Plaintiff Saadi has pursued collection proceedings.[4]

In March 2021, as part of the collection proceedings, Plaintiff Saadi subpoenaed Maroun's Import Specialists, Inc., a Northern District of Ohio-based corporation owned by Defendant Maroun's brother, Antoine Maroun.[5] The subpoenas sought documents and

---

[1] Doc. 1.
[2] Doc. 2; Doc. 3.
[3] Doc. 3-1 at 26.
[4] *Id.*
[5] Doc. 1-1 at 2; Doc. 1-4 at 1–4.

Case No. 1:21-mc-00032
Gwin, J.

deposition testimony related to transactions, communications, payments, and loans between Maroun's Import Specialists, Inc., and Defendant Pierre Maroun from October 2, 2009, and the present.[6]

On March 31, 2021, Plaintiff Saadi deposed Antoine Maroun in Youngstown, Ohio. Antoine Maroun served as Maroun's Import Specialists' Rule 30(b)(6) representative.[7] During the deposition, Plaintiff Saadi asked deponent Maroun about any business relationship Maroun's Import Specialists had with Defendant Pierre Maroun.[8]

Specifically, Plaintiff Saadi asked deponent Maroun about a 2016 check from Maroun's Import Specialists to Defendant Pierre Maroun.[9] Deponent Maroun testified that he did not remember the transaction circumstances.[10] From there, the deposition proceedings quickly became repetitive and argumentative, drawing objections from Maroun's Import Specialists' counsel.[11]

Eventually, Maroun's Import Specialists terminated the deposition under Federal Rule of Civil Procedure 30(d)(3)(A), claiming that Plaintiff Saadi was conducting the deposition to unreasonably annoy, embarrass, and oppress Maroun's Import Specialists and deponent Antoine Maroun.[12] Maroun's Import Specialists, however, initially failed to file a related deposition termination motion in either this Court or the Middle District of Florida.

---

[6] *Id.*
[7] Doc. 1-2 at 5.
[8] *Id.* at 15–52.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

-2-

Case No. 1:21-mc-00032
Gwin, J.

On April 7, 2021, one week after the halted deposition, Plaintiff Saadi moved in the Middle District of Florida for sanctions against Defendant and non-party Maroun's Import Specialists, citing their failure to promptly move to terminate Maroun's Rule 30(b)(6) deposition.[13] The Middle District of Florida denied the sanctions motion as to Defendant, finding that an intervening holiday weekend, ongoing discovery, and motion practice in the case made the one-week delay reasonable.[14]

As for non-party Maroun's Import Specialists, the Middle District of Florida dismissed Plaintiff's sanctions motion as inappropriately filed, as sanctions against a non-party must be sought in the district court where subpoena compliance is required—this Court.[15]

On April 15, 2021, the Middle District of Florida stayed the case upon the parties' joint motion for a settlement conference.[16] The stay order expressly prohibited discovery motions during the stay.[17]

Seven weeks later, on June 4, 2021, the parties' settlement conference ended in an impasse, and the Middle District of Florida lifted the stay order.[18] On June 22, 2021, apparently without conferring with Maroun's Import Specialists, Plaintiff Saadi moved for sanctions in this Court.[19] In his motion, Plaintiff Saadi claims that Maroun's Import Specialists (1) improperly terminated Antoine Maroun's March 31, 2021 Rule 30(b)(6) deposition and (2) failed to produce a corporate representative sufficiently knowledgeable to testify

---

[13] Doc. 3-4.
[14] *Id.*
[15] *Id.* (citing Fed. R. Civ. P. 45).
[16] Doc. 2-1 at 65–66.
[17] *Id.*
[18] Doc. 2-1 at 66.
[19] Doc. 1; Doc. 2 at 3.

-3-

regarding the noticed deposition topics.[20] Plaintiff also asks this Court to order the deposition of Margaret Maroun, another Maroun's Import Specialists employee.[21]

On July 2, 2021, Maroun's Import Specialists filed a sanctions opposition and moved to terminate Antoine Maroun's Rule 30(b)(6) deposition.[22] The Court now takes up these motions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense or proportional to the needs of the case." Parties may compel non-parties to produce discoverable documents or testimony using Rule 45 subpoenas.[23] And courts must enforce a subpoena unless it seeks irrelevant, privileged, or unduly "oppressive, annoying, or embarrassing" material.[24]

Here, a Rule 45 subpoena required non-party Maroun's Import Specialists to give testimony regarding the transactions, communications, payments, and loans between Maroun's Import Specialists, Inc., and Defendant.[25]

Where, as here, a subpoenaed entity is not a natural person, Rule 30(b)(6) requires the entity to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." The "subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who

---

[20] Doc. 1.
[21] *Id.*
[22] Doc. 2; Doc. 3.
[23] *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *2–3 (N.D. Ohio Feb. 13, 2008).
[24] *Id.*
[25] *Id.*

Case No. 1:21-mc-00032
Gwin, J.

will testify . . . about information known or reasonably available to the organization."[26] The subpoenaed entity must prepare the selected Rule 30(b)(6) representative "so that they may give complete, knowledgeable, and binding answers" on the entity's behalf.[27]

However, a party's right to question a deponent is not absolute. Rule 30(d)(3) allows a deponent "at any time during a deposition" to "move to terminate or limit [the deposition] on the ground that it is being conducted in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." When the deponent terminates a deposition, they are required to promptly file a deposition termination motion with the Court.[28] A deponent who fails to file the required motion may be deemed sanctionably noncompliant with the deposition subpoena.[29]

Federal Rule of Civil Procedure 45(g) allows the Court to hold a non-party in civil contempt for failing to comply with a subpoena. This civil contempt power includes the ability to compensate those injured by the noncompliance.[30] However, before issuing substantial monetary sanctions against a non-party, courts have typically "relied on the presence of a specific order directing compliance with a subpoena—not the subpoena itself—as the requisite order necessary to sustain an award of sanctions."[31]

III. DISCUSSION

---

[26] Fed. R. Civ. P. 30(b)(6).
[27] *Nacco Mats. Handling Grp., Inc. v. Lilly Co.*, 278 F.R.D. 395, 400–401 (W.D. Tenn. 2011) (citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)).
[28] *In re Omeprazole Patent Litig.*, 227 F.R.D. 226, 230 (S.D.N.Y. 2005).
[29] *Id.*
[30] *Electrical Workers Pension Tr. Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).
[31] *Diamond Consortium, Inc. v. Hammervold*, 386 F. Supp. 3d 904, 915 (M.D. Tenn. 2019).

-5-

Case No. 1:21-mc-00032
Gwin, J.

Turning first to the delay aspect of Plaintiff's sanctions motion, the Court agrees with the Middle District of Florida's reasoning and finds that non-party Maroun's Import Specialists' one-week delay in filing a deposition termination motion was not sanctionable.[32] Antoine Maroun's Rule 30(b)(6) deposition was held on March 31, 2021, the Wednesday before Easter, a time when many put work on hold for religious observances. Under the circumstances, a one-week delay was acceptable, especially given Maroun's Import Specialists' non-party status and the fact that this Court had not issued an order requiring its compliance with the subpoena.[33]

Then, on April 15, 2021, the Middle District of Florida stayed the case after the parties agreed to participate in a settlement conference.[34] The stay order expressly prohibited discovery motions until June 4, 2021, when the settlement stay was lifted.[35]

Though 18 additional days passed without Maroun's Import Specialists filing a deposition termination motion before Plaintiff moved for sanctions in this Court, Plaintiff did not contact Maroun's Import Specialists to reschedule the halted deposition.[36] As a non-party, Maroun's Import Specialists was not involved in the parties' settlement negotiations and could not have known how Plaintiff intended to move forward with discovery. Because Plaintiff did not confer with Maroun's Import Specialists, the additional 18-day delay was not sanctionable.

---

[32] Doc. 2-3 at 2–3.
[33] *See In re Modern Plastics Corp.*, 890 F.3d 244, 255 (6th Cir. 2018).
[34] Doc. 2-1 at 65–66.
[35] Doc. 2-1 at 65–66.
[36] Doc. 2 at 3.

-6-

Case No. 1:21-mc-00032
Gwin, J.

Nor will the Court impose sanctions because deponent Maroun was insufficiently knowledgeable about the noticed deposition topics to serve as Maroun's Import Specialists' Rule 30(b)(6) representative. While deponent Maroun did testify that he does not remember the circumstances surrounding the 2016 transaction Plaintiff Saadi asked about,[37] there is no reason in the record for the Court to find that this was due to insufficient preparation or knowledge to testify on Maroun's Import Specialists' behalf.[38]

As for Maroun's Import Specialists' motion to terminate the Rule 30(b)(6) deposition, the Court agrees that Plaintiff Saadi's questioning of deponent Maroun was unduly repetitive and at times strayed into matters outside the noticed deposition topics. Nevertheless, the Court believes that Maroun's Rule 30(b)(6) testimony is likely to produce valuable information in this case. Accordingly, the Court instructs the parties to set a new deposition date. At the deposition, Plaintiff may ask questions within the deposition notice's scope. But Plaintiff shall refrain from asking unduly repetitive, argumentative, or extraneous questions.

Finally, the Court will not now resolve Plaintiff's request to depose Margaret Maroun as a fact witness or a Maroun's Import Specialists Rule 30(b)(6) representative. As required by Rule 30(b)(6) and this Court's local rules, Plaintiff Saadi shall confer with Maroun's Import Specialists as to whether Margaret Maroun should be deposed. And any such deposition shall be properly noticed. The Court will intervene only if an agreement cannot be reached independently.

For these reasons, the Court **DENIES** Plaintiff's motion for sanctions and motion to depose Margaret Maroun. The Court also **DENIES** Maroun's Import Specialists' motion to

---

[37] Doc. 1-2 at 21–8.
[38] *See Nacco Mats. Handling Grp., Inc.*, 278 F.R.D. at 400–401.

Case No. 1:21-mc-00032
Gwin, J.

terminate the Rule 30(b)(6) deposition and instructs the parties to set a new deposition date. The Court, however, further instructs Plaintiff Saadi to avoid unduly repetitive, argumentative, or extraneous deposition questioning.

    IT IS SO ORDERED

    Dated: July 15, 2021                        *s/        James S. Gwin*
                                                                       JAMES S. GWIN
                                                                       UNITED STATES DISTRICT JUDGE